UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDGARDO SANTOS-MASSAS,

    Petitioner,

v.                                            CASE NO. 8:19-cv-3083-T-02AAS
                                                    (Case No. 8:18-cr-322-T-02AAS)

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

Before the Court is Petitioner's timely filed *pro se* Motion to Vacate pursuant to 28 U.S.C. § 2255 (Dkt. 1) to which the Government has filed a Response in Opposition (Dkt. 6). After carefully reviewing the submissions and the record of the prior criminal proceedings, *see* case number 8:18-cr-322-T-02AAS,[1] as required by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court determines that the motion is due to be denied without the need for an evidentiary hearing because it conclusively appears that Petitioner is not entitled to relief.

---

[1] Citations to the criminal docket will be denoted "Cr. Dkt. ___."

## INTRODUCTION

A federal grand jury returned a superseding indictment charging Petitioner Edgardo Santos-Massas with possession with intent to distribute "400 grams or more of a mixture and substance containing a detectable amount of [fentanyl]" (count one) and possession with intent to distribute cocaine (count two). Cr. Dkt. 15. Petitioner pleaded guilty pursuant to a written plea agreement in which the Government agreed to dismiss count two of the superseding indictment. Cr. Dkts. 26 (plea agreement); 68 (plea transcript of 10/17/2018); 69 (plea transcript of 3/27/2019). He was sentenced to 78 months in prison on count one, to be followed by five years of supervised release. Cr. Dkts. 63 (judgment); 70 (sentencing transcript). He did not appeal.

Petitioner now seeks relief under § 2255, raising two grounds of ineffective assistance of counsel with respect to his sentence. *See Massaro v. United States*, 538 U.S. 500, 509 (2003); *United States v. Balcazar*, 775 F. App'x 657, 660 (11th Cir. 2019) (holding claim of ineffective assistance of counsel appropriately brought in collateral proceeding). He claims his counsel should not have allowed him to sign his plea agreement, which stated a quantity of drugs greater than that alleged in the superseding indictment and which resulted in a stiffer minimum mandatory. Second, his counsel should not have permitted him to waive the right to appeal his sentence.

## DISCUSSION

The standard of review for ineffective assistance of counsel is governed by *Strickland v. Washington*, 466 U.S. 668, 687 (1984), which applies to guilty pleas. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). The first prong pertaining to constitutionally deficient performance requires the defendant "to show his plea was not voluntary because he received advice from counsel that was not within the range of competence demanded of attorneys in criminal cases." *Scott v. United States*, 325 F. App'x 822, 824 (11th Cir. 2009) (citing *Hill*, 474 U.S. at 58). The prejudice prong is couched in terms of whether counsel's performance affected the outcome of the plea process, "meaning the defendant must show a reasonable probability that, but for counsel's errors, he would have entered a different plea." *Id*. (citing and quoting *Hill*, 474 U.S. at 59) (internal quotation marks omitted). Stated another way, the defendant must show that he "would have insisted on going to trial." *Hill*, 474 U.S. at 59. Because Petitioner cannot demonstrate that his counsel's performance was constitutionally deficient or that he was prejudiced as a result of any deficiency, his claim for ineffective assistance of counsel fails.

### GROUND ONE: Ineffective assistance regarding amount of drugs

*The Record*:

The charges stem from a traffic stop in June 2018. Cr. Dkts. 26 at 19; 68 at 20–21. Carrying a black Adidas duffle bag, Petitioner Santos-Massas entered a car

driven by someone else. *Id*. The car was later stopped for speeding. *Id*. The duffle bag retrieved from the rear passenger side was tested and found to contain the following contraband: "(1) 374.8 grams of a mixture of fentanyl and quinine; (2) 246.5 grams of a mixture of fentanyl, heroin, and quinine; (3) 223.6 grams of a mixture of fentanyl, heroin, lidocaine, and caffeine; and (4) 486.8 grams of a mixture of cocaine." Cr. Dkt. 26 at 19–20.

At the change of plea hearing, Petitioner had no difficulty admitting that he was carrying a bag full of controlled substances. Cr. Dkt. 68 at 21. He believed, however, the drugs he carried contained only cocaine and heroin but no fentanyl. *Id*. Because Petitioner revealed he was surprised to learn, for the first time, at the jail that the bag contained fentanyl, the hearing was recessed for further negotiations. Cr. Dkt. 68 at 21–23.[2]

When the change of plea hearing resumed, all parties agreed that Petitioner's subjective knowledge of the particular controlled substance, *i.e.*, heroin or fentanyl or cocaine, is not taken into consideration for purposes of proving the essential elements of the crime. Cr. Dkt. 69 at 17–18.[3] Petitioner admitted to the factual

---

[2] Petitioner would not admit that he "knowingly possessed fentanyl" (at the time of arrest), an element of the offense as set forth in the plea agreement, Cr. Dkt. 26 at 2–3. It was later determined, after reviewing case law, that Petitioner's personal knowledge of the precise make-up of the drugs in the bag was unnecessary when he knew, and did not contest, the laboratory tests showed the content contained more than 400 grams of fentanyl. Cr. Dkt. 69 at 4–6.

[3] The cases of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013), were mentioned both at the hearing and in the plea agreement as applicable to

basis in the agreement, specifically that he possessed with intent to distribute "400 grams or more of fentanyl." Cr. Dkt. 69 at 17–20. He admitted he saw the test results of the various composition of the drugs, and at no time did he contest, nor was he going to contest, "the quantity of the fentanyl that the Government is saying was in the duffle bag[.]" Cr. Dkt. 69 at 20. He entered his guilty plea "to count one of the . . . superseding indictment." Cr. Dkts. 69 at 21; 51. He was later sentenced on count one to the bottom of the guideline range, 78 months. Cr. Dkts. 70 at 17; 63. He avoided the ten-year minimum mandatory based on the safety value under the First Step Act. Cr. Dkt. 70 at 8–9, 10–12.

*The Motion to Vacate*

The gist of Petitioner's theory is that he pleaded guilty to a crime more serious than charged, a crime based on more fentanyl than he possessed. He thinks he pleaded to 400 grams of 100 per cent fentanyl as opposed to 400 grams of a *mixture* containing a detectable amount of fentanyl. He contends his resulting sentence was therefore based on an incorrect and inapplicable ten-year minimum mandatory.[4] Had he pleaded to a "mixed substance" instead of ostensibly pure

---

the minimum mandatory sentence as opposed to the elements of the crime for purposes of conviction. Cr. Dkts. 69 at 18; 26 at 2.

[4] As noted by counsel, the minimum mandatory corresponds to the actual substance possessed, not the defendant's knowledge of the identity of the specific contraband. Cr. Dkt. 69 at 5–7, 17.

5

fentanyl, he claims the lower five-year minimum would apply. His argument fails both factually and legally.

*The Flawed Factual Analysis*

Petitioner is mistaken about the facts. A close examination of the entire record shows he pleaded guilty as charged to 400 grams or more of a mixture containing a detectable amount of fentanyl. He is correct that the plea agreement references "400 grams or more of fentanyl," which he interprets as 400 grams of pure fentanyl rather than a 400-gram *mixture* containing a detectable amount of fentanyl. The agreement, however, states at the outset he was pleading to "Count One of the Superseding Indictment." Cr. Dkt. 26 at 1. Count one alleges possession with intent to distribute "a controlled substance, which violation involved 400 grams or more of a mixture and substance containing a detectable amount of [fentanyl] . . . in violation of 21 U.S.C. § 841(a)(1)." Cr. Dkt. 15 at 1.

The superseding indictment and all transcripts, as well as the written acceptance of plea by this Court, support a voluntary and knowing plea to 400 grams of a mixture containing fentanyl, not 400 grams of pure fentanyl. Cr. Dkts. 68, 69, 70.[5] Although the written plea agreement may sometimes omit the

---

[5] Count one of the superseding indictment charged possession with intent to distribute "400 grams or more of a mixture and substance containing a detectable amount" of fentanyl." Cr. Dkt. 15 at 1. Before the magistrate judge, Petitioner stated he would not dispute there were "400 grams or more of a substance containing a detectable amount of fentanyl" as set forth in the lab reports, and he pleaded guilty to "count one of the . . . superseding indictment." Cr. Dkt. 69 at 20–21. This Court accepted the plea "to count one of the superseding indictment." Cr. Dkt. 51.

6

descriptors "mixture" and "detectable amount,"[6] all other mention in the record of fentanyl was discussed in terms compatible with the test results.[7] The results disclosed mixtures of fentanyl. Notably, the charging instrument tracks the language of the statute. *Compare* Cr. Dkt. 15 at 1, *with* 21 U.S.C. § 841(b)(1)(A)(vi); *cf. United States v. Cotchery*, 406 F. Supp. 3d 1215 (N.D. Ala. 2019) (discussing potential error of amendment of indictment where crime charged was "400 grams of more of fentanyl" rather than the precise language of the statute).

*The Flawed Legal Analysis*

Even assuming Petitioner admitted to 400 grams of pure fentanyl, the law does impose a greater penalty as he believes. Three types of penalties are associated with possession with intent to distribute "a mixture or substance containing a detectable amount" of fentanyl in violation of 21 U.S.C. § 841(a)(1). The harshest is ten years in prison to life for 400 or more grams, and the lesser punishments include five to forty years for 40 grams or more, and ten years or less for "any" amount. 21 U.S.C. §§ 841(b)(1)(A)(vi) (400 grams), 841(b)(1)(B)(vi)

---

At sentencing, the Court recognized that Petitioner was charged with possession with intent to distribute "actually a combination" of 400 grams of fentanyl. Cr. Dkt. 70 at 5.

[6] The offense "involved 400 grams or more of fentanyl . . . the weight of the fentanyl possessed was more than 400 grams." Cr. Dkt. 26 at 2–3.

[7] Petitioner claimed ownership of all of the narcotics described in the test results in a post-*Miranda* interview. Cr. Dkt. S-65 at ¶¶ 15, 16.

(40 grams), 841(b)(1)(E)(i) (any).  The penalties are based on a mixture containing a detectable amount, nothing more.  Pleading to only 40 grams or more was never a possibility.

*Voluntary and Knowing Plea*

Petitioner has failed to show his counsel's ineffectiveness undermined the knowing and voluntary nature of his plea.  The plea was voluntary because he affirmatively understood the nature of the charges, the consequences of pleading guilty, and, most importantly, no one promised or coerced him to plead to a crime carrying a mandatory minimum of ten years.  Cr. Dkt. 69 at 13, 22.

The plea was also intelligent and knowing.  He was warned of the applicable ten-year minimum at every step of the process.  He was never eligible for the lesser five-year minimum under any scenario, either in fact or in law, as evidenced by the charging document, the written plea agreement, the plea colloquy, or the sentencing transcript.  Even though the ten-year minimum mandatory was the applicable punishment based on 400 grams or more of a mixture containing a detectable amount of fentanyl, he avoided its imposition through the safety valve.  Cr. Dkts. 69 at 11; 70 at 10.  Applying the *Strickland* standard, Petitioner suffered no prejudice because he did not receive the minimum mandatory or a sentence for a crime greater than charged.  Counsel's performance did not affect the outcome of the plea process, and Petitioner has not shown a reasonable probability that, but for

counsel's errors, he would have entered a different plea and insisted on going to trial.

### *GROUND TWO: Ineffective assistance regarding appeal waiver*

The written plea agreement included an appeal waiver of his sentence, noting the standard exceptions. Cr. Dkt. 26 at 16–17. The magistrate judge discussed the appeal waiver with him. Cr. Dkt. 69 at 15. As his plea reflects, he only gave up his right to a direct appeal of his sentence and not the legal ability to claim his counsel provided ineffective assistance. To that end, Petitioner alleges counsel should not have allowed him to sign away his right to appeal his sentence, particularly when he was prejudiced by receiving a greater sentence, i.e., being subjected to a ten-year as opposed to a five-year minimum mandatory. Dkt. 1 at 5. He goes so far as to claim the plea agreement was rendered invalid, because it was premised on a greater quantity of fentanyl than was charged.

For all the reasons discussed above, a lesser minimum mandatory was never within reach because he voluntarily and knowingly pleaded to 400 grams or more of a mixture containing fentanyl. The test results substantiated the factual basis of the plea, and Petitioner did not dispute them. In any event, he was not sentenced to a ten-year minimum mandatory. Again, under *Strickland*, no prejudice has been established.

Accordingly, the Court declines to issue a certificate of appealability because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). He has neither demonstrated "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Nor will the Court allow Petitioner to proceed on appeal *in forma pauperis* because such an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). Instead, Petitioner will be required to pay the full amount of the appellate filing fee pursuant to § 1915(b).

It is therefore **ORDERED AND ADJUDGED** that Petitioner's Motion to Vacate (Dkt. 1) is denied. The Clerk is directed to enter judgment for Respondent and to close the case.

**DONE AND ORDERED** at Tampa, Florida, on May 7, 2020.

*s/William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record
Petitioner, *pro se*